Read, J.
This record raises the question simply whether the county commissioners are, in law, bound to furnish the clerk with the seal of the court of common pleas of the county, and a press necessary to its use, and if so, whether an action of assumpsit will lie, for the price of their purchase, by the clerk.
If it be the legal duty of the commissioners to furnish the press *317 and seal, the price paid for their purchase by the clerk, is properly recoverable in an action of assumpsit.
A press, of some description, is necessary to the use of the seal of the court. The seal is the legal authentication of the process and the records of the court, and it is the duty of the clerk to affix it. Thus, under our law, a seal is incident to the administration of justice, and the press a necessary incident to the seal. Both are therefore connected with the administration of justice, as means or instruments necessary for the performance of absolute legal requirements. The administration of justice *is a public charge, and so is everything necessary to its administration.
It is the legal duty of the county-commissioners to furnish all things coupled with the administration of justice within the limits of their own county. It is their duty to furnish suitable and convenient buildings for holding court, at the expense of the county; and fire-proof offices for the use of the clerk, and for the preservation of the records and papers connected with the business of the court. In fitting up their court rooms and offices, it is the duty of the commissioners to fit them up as court rooms and clerks’ offices, and this requires that they should be supplied with, and contain those things which are necessary to enable the officers for whose public use they are fitted up, to perform their official duties. But the court in this case conceive that a proper construction of the words of the statute, which declares that “ the clerk shall receive a reasonable allowance for blank books and stationery,” includes the press necessary to the use of the seal, and requires the county commissioners either to furnish or pay for it out of the county funds. The word “ stationery” embraces all things necessarily employed by the clerk for the purpose of writing and authenticating every species of writing which the law requires the clerk to write and authenticate; especially all such things as are necessarily connected with the office for such purpose. The press is an article of this description. Upon these grounds, so far as the press alluded to is involved, the clerk would be entitled to recover. But as to the seal of the-court of common pleas, the county commissioners are not bound to furnish it. The statute provides that the secretary of state shall furnish the seal of the several courts to their respective clerks.
The words of the statute are “ that the secretary of state shall procure, at the expense of the state, for each organized county, *318 where the same has not been done, a seal for the Supremo Court and court of common pleas, of the same description and device with those heretofore furnished to the clerks of the respective counties.”
*It has been supposed by some, that the secretary of state is only bound to furnish the first seal to newly organized counties, and not to supply counties which have had seals with new seals,' in the place of such as may havo been lost, worn out, or otherwise rendered unfit for use. Such is said to have been the construction put upo» this act by the practice of the several secretaries of state. Such construction the court conceive to be erroneous, and we hold, that the secretary of state is- required by the act to furnish seals for the courts of all counties which have no seal, as well to counties that have had seals, which have been lost, worn out, or otherwise rendered useless, as to newly organized counties that have never had a seal. The statute intends to secure similarity or likeness of seal of the same courts. To furnish such devolves upon the secretary of state. If called upon, it is his duty to furnish seals to all counties which have none.
The intention of the legislature would be as liable to be defeated if the secretary of state should not replace seals, as in a neglect to furnish them in the first instance. The seal of the courts was not, therefore, a county charge.
The court below erred in rendering judgment for the price of the seal purchased by the clerk. Judgment reversed.