FIREFIGHTER BENEFITS A firefighter who is assigned duties analogous to those of a patrolman during his normal working hours and suffers an injury or death while engaged in such activities would be entitled to the benefits of the Firemen's Relief and Pension Fund provided the injury resulted from the carrying out of any order or direction of the chief or acting chief of his department and the activity in which he was engaged was related to the saving or preserving of life or property. The Attorney General has received your request for an opinion wherein you, in effect, ask the following question: Is a firefighter who is assigned duties analogous to those of a policeman during his normal working hours entitled to the benefits provided under the Oklahoma Firemen's Relief and Pension Fund laws if he is injured or killed during the performance of such duties? Title 11 O.S. 368 [11-368](B) (1971) sets forth the persons entitled to benefits under the Firemen's Relief and Pension Fund and reads as follows: "Any person serving in any capacity in a regularly constituted fire department of a city or town of this State who shall become physically or mentally disabled as provided in 11 O.S. 365 [11-365] (1951), or be confined to any hospital or to his bed as provided in 11 O.S. 367 [11-367] (1951), or shall lose his life as provided in 11 O.S. 368 [11-368] (1951), where said disability, confinement, or loss of life was occasioned in fighting and/or preventing fires or in carrying out any order or direction of the chief or acting chief of said department in relation to the saving or preserving of life or property, shall be entitled to all of the benefits authorized by said sections." (Emphasis added) This section would seem determinative of the answer to your question as it specifically provides that the disability, confinement, or loss of life may be occasioned either in fighting and/or preventing fires or in carrying out any order or direction of the chief or acting chief of said department in relation to the saving or preserving of life or property. This would particularly be the case under the facts set forth in the example in your opinion, which is quoted below. "A firefighter in the city of Ardmore is on a regular period of duty. At intervals during his duty period he is assigned to a patrol car for the purpose of patrolling a given area. He is not a commissioned officer and does not have the power of arrest. He is to observe only, and in the event he detects vandalism or a burglary in the progress, he calls for a commissioned police officer. In the event he was injured or lost his life while performing these functions, would he be covered under the provisions of these sections?" It is apparent that under this fact situation that the requisite elements of Section 368b are met, i.e., the firefighter is serving at the behest of his chief and is engaged in activities directed at the saving or preserving of life and property. It should be noted that the activities of policemen in general have been described in these same terms. See 62 C.J.S. Municipal Corporations, 563 and particularly the case of State ex rel Arey v. Sherrill, 53 N.E.2d 501,142 Ohio St. 574, cited thereunder, which contains the following statement: "More specifically, the police department of a city is charged with the duty of protecting the lives and property of all persons therein, Thus it can be seen that if a fireman were acting under the specific directive of the chief or acting chief of the fire department at the time he was engaged in activities analogous to those of a policeman and suffered injury or death, the disability and death provisions set forth in Sections 365, 367 and 368 would be applicable. It is, therefore, the opinion of the Attorney General that your opinion be answered in the affirmative. A firefighter who is assigned duties analogous to those of a patrolman during his normal working hours and suffers an injury or death while engaged in such activities would be entitled to the benefits of the Firemen's Relief and Pension Fund provided the injury resulted from the carrying out of any order or direction of the chief or acting chief of his department and the activity in which he was engaged was related to the saving or preserving of life or property. (James R. Barnett)